IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURAB BUZIASHVILI, | Civil No. 3:21-cv-776 |
| Petitioner | (Judge Mariani) |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY, *et al.*, | |
| Respondents | |

**MEMORANDUM**

I. **Background**

On April 29, 2021, Petitioner Zurab Buziashvili ("Buziashvili"), a native and citizen of Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Buziashvili requested a bond hearing and release from custody. (*Id.* at pp. 12-13). At the time his petition was filed, Buziashvili was detained at the Clinton County Correctional Facility.

Respondents filed a suggestion of mootness stating that Buziashvili was released from custody under an order of supervision on August 6, 2021. (Doc. 8). Respondents argue that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Buziashvili, the Court accessed the ICE Online Detainee Locator System, which

revealed no matches for detainee Zurab Buziashvili.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.   Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Buziashvili's continued detention pending removal. (*See* Doc. 1). Because Buziashvili has since been released on an order of supervision, the petition no longer presents an existing case or controversy. *See Nunes*

---

[1]   Upon entering Buziashvili's alien registration number, A071193254, and his country of birth, Georgia, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2